JAMES J. NORTON ET AL. v. THE COUNTY OF GALVESTON.

(No. 2202.)

APPEAL from Galveston County.    Opinion by WHITE, P. J.

JOHN LOVEJOY, for appellants.

FRANK M. SPENCER, for appellee.

§ 239. *Bond of hirer of county convict; conditions in; case stated.* Appellee recovered judgment against appellants upon a bond given for the hire of a county convict. It is contended that the bond is invalid, 1, because it is not conditioned that the convict should remain in the county of conviction; 2, because it stipulates that the term of service of said convict should be for a specified time at a specified rate, instead of for a term of service "in no event to be greater than one day for each fifty cents of fine and costs;" and 3, because the conditions of the bond are more onerous than those prescribed by the statute, in that they bind the obligors to pay the whole penalty, if any one month's hire should not be paid, notwithstanding the statute provides that fifty cents per day shall be a settlement of so much of the fine and costs each day the convict is hired, and that the hirer is entitled to this credit, etc. *Held:* There might be some force in these objections to the bond if we looked alone to article 3602 of the Revised Statutes as amended by act of 17th Leg. p. 16. The amendatory act, however, relates alone to article 3602, and in no manner changes article 3604 of the Revised Statutes, which prescribes each and every requisite of the bond required to be given by the hirer of a convict. The bond sued upon contains every requisite prescribed by said article 3604, and is a valid statutory bond. That the bond fails to stipulate that the convict shall remain in the county where hired does not invalidate it. While article 3602, as amended, requires that

the convict shall be hired out to remain in the county where hired, it does not require that the bond shall so stipulate, and hence does not alter the conditions of the bond as prescribed by article 3604. But even if the bond should have contained this stipulation, its omission would be to the advantage of the obligors, and they could not object to the validity of the bond upon that ground. [W. & W. Con. Rep. § 820.]

February 19, 1887.   Affirmed.